**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION**

| | |
|---|---|
| Regal Games LLC, | |
| Plaintiff, | Civil Action No. _____ |
| v. | |
| Big Monster Games LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Regal Games LLC ("Plaintiff"), by and through its attorneys, Incubate IP®, for its Complaint against defendant Big Monster Games LLC ("Defendant"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for infringement of Plaintiff's federally-registered trademark GARBAGE MONSTERS under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and for substantial and related claims of unfair, unconscionable, or deceptive methods, acts, or practices in conduct of trade or commerce under the statutory and common laws of the State of Michigan, all arising from the Defendant's unauthorized use of the mark TRASH MONSTERS in connection with the importation into the United States, marketing within the United States, advertising to consumers in the United States, promotion within the United States, offering for sale to consumers in the United States, and/or sale of Defendant's infringing card game bearing the mark TRASH MONSTERS.

2.      Plaintiff seeks injunctive and monetary relief.

## JURISDICTION

3.      This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a)-(b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

## VENUE

4.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Defendant resides in this district and/or 28 U.S.C. § 1391(b)(2), in that a substantial part of property that is the subject of the action is situated in this district.

## PARTIES

5.      Plaintiff Regal Games LLC is a limited liability company formed under the laws of Illinois and does business in Arlington Heights, Illinois. Plaintiff has one member: Michael Roberts is a citizen of Illinois. Plaintiff promotes and sells hundreds of game and toy products throughout the world. As relevant here, Plaintiff promotes and sells a card game under the federally registered mark GARBAGE MONSTERS to consumers throughout the United States, including to consumers in this forum state.

6.      Defendant is a limited liability company formed under the laws of Michigan and does business in Allendale, Michigan. Upon information and belief, Defendant has one member, Mark Schmidt, who is a citizen of Michigan. Upon information and belief, Defendant promotes and sells its infringing card game to consumers throughout the United States, including to consumers within this forum state.

–2–

**FACTS**

A.  <u>Plaintiff and Its GARBAGE MONSTERS Mark</u>

7.      Plaintiff is a leading manufacturer of high-quality games and toys, including its world-famous reusable bingo cards, Traffic Bingo cards, and Auto Bingo cards.  More recently, Regal Games has expanded its offerings to include card games featuring its own original artwork, characters, and brands. Of particular relevance here, Plaintiff's best selling product for the past several years has been its children's card game sold under the mark GARBAGE MONSTERS. Regal Games sells hundreds of thousands of units of this card game each year to customers throughout the United States.

8.      Plaintiff's products are widely recognized for their quality, manufacturing, sales, and marketing excellence, and Plaintiff has expended significant time, resources and funds in promoting its products and trademarks.

9.      Plaintiff distributes its products to big box retailers and independent store owners nationwide, and sells direct to consumers through ecommerce sites like Amazon.com, Walmart.com, and eBay.com, and through its own ecommerce store (which redirects customers to Plaintiff's Amazon.com listings to complete purchases).

10.      Plaintiff is the owner of a valid and subsisting United States Trademark Registration No. 7,391,863 on the Principal Register in the United States Patent and Trademark Office for the trademark GARBAGE MONSTERS (hereinafter the "GARBAGE MONSTERS Mark") for Card games; Educational card games; Game cards. Attached as Exhibit 1 is a true and correct copy of the registration certificate for Plaintiff's United States Trademark Registration

No. 7,391,863, which was issued by the United States Patent and Trademark Office on May 21, 2024.

11.      Plaintiff has used the GARBAGE MONSTERS Mark in commerce throughout the United States continuously since at least June 30, 2022, in connection with the offering for sale, sale, marketing, advertising, and promotion of card games, educational card games, and game cards. Attached hereto as Exhibit 2 are representative samples of Plaintiff's best-selling card game product showing Plaintiff's use of the GARBAGE MONSTERS Mark in connection with these goods.

12.      As a result of its widespread, continuous, and exclusive use of the GARBAGE MONSTERS Mark to identify its goods and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the GARBAGE MONSTERS Mark.

13.      Plaintiff's GARBAGE MONSTERS Mark is distinctive to both the consuming public and Plaintiff's trade.

14.      Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the goods sold under the GARBAGE MONSTERS Mark including through promotion and sales efforts on ecommerce platforms like Amazon.com and Walmart.com and its own ecommerce website regal-games.com. During the period from June 30, 2022, to December 31, 2025, alone, Plaintiff has expended in excess of seven hundred thousand dollars (>$700,000) on the marketing, advertising, and promotion of the goods sold under the GARBAGE MONSTERS Mark.

–4–

15.     Plaintiff provides and sells the goods under the GARBAGE MONSTERS Mark (a) wholesale to brick and mortar retailers throughout the United States, and (b) directly to consumers throughout the United States through ecommerce platforms Amazon.com, Walmart.com, and by redirecting customers from Plaintiff's own ecommerce website regal-games.com to corresponding listings on Amazon.com.

16.     Since June 30, 2022, Plaintiff has sold more than 500,000 units of its GARBAGE MONSTERS branded card game product in the United States. As of the date of this Complaint, the GARBAGE MONSTERS branded card game product is on pace to once again be Plaintiff's best-selling product.

17.     Plaintiff offers and sells its goods under its GARBAGE MONSTERS Mark to all types of consumers, especially including parents, grandparents, teachers, and caregivers.

18.     The goods Plaintiff offers under the GARBAGE MONSTERS Mark are of high quality materials. The goods feature carefully designed artwork and unique monster-themed characters to capture young players' attention and maintain engagement during gameplay, for example to promote learning about shapes, colors, and numbers. Plaintiff's manufacturing partners use only the highest quality card stock, ink, and clearcoat finishes to ensure that the goods are durable and can be used for decades. Plaintiff carefully monitors manufacturing quality and sustains long-standing relationships with each of its manufacturing partners.

19.     As a result of Plaintiff's expenditures and efforts, the GARBAGE MONSTERS Mark has come to signify the high quality of the goods designated by the GARBAGE MONSTERS Mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

–5–

20.      Plaintiff's GARBAGE MONSTERS Mark and the goods offered thereunder have received significant unsolicited coverage in various media outlets, including positive reviews by YouTube creators Me Wyatt boy, TheTexasMan, Matinely Family Reviews, and Borlandgamenight; affirming writeups on SuperParent,[1] BoardGameGeek.com,[2] and GameFAQs,[3] and social media posts by individual users on Instagram,[4] and Facebook.[5]

21.      As a result of its distinctiveness and widespread use and promotion throughout the United States, Plaintiff's GARBAGE MONSTERS Mark is a famous trademark within the

---

[1] *See* B. Berthelson, "Garbage Is a Family-Friendly Card Game That Helps Kids Practice Their Numbers," available at https://www.superparent.com/garbage-is-a-family-friendly-card-game-that-helps-kids-practice-their-numbers/ (Oct. 20, 2021).

[2] *See* https://boardgamegeek.com/boardgame/399913/garbage-monsters.

[3] *See* https://gamefaqs.gamespot.com/board-card/624213-garbage-monsters;
https://gamefaqs.gamespot.com/board-card/624213-garbage-monsters/data.

[4] *See, e.g.,* Instagram posts by users thesmartersavings, available at
https://www.instagram.com/p/DU0tI_EAJUY/ (Feb. 16, 2026).

[5] *See, e.g.,* Facebook posts by users Jennifer Johnson Graff on Teacher & Family Deals: Daily Deals & Coupon Codes, available at https://www.facebook.com/groups/teaching21st/posts/2381608492241992/ (Oct. 8, 2025), Jennifer Lam on Deals for Moms, available at https://www.facebook.com/groups/dealsformoms/posts/25946818194945862/ (Feb. 19, 2026), and Jennifer King on Alea's Deals & Steals, available at https://www.facebook.com/groups/aleasdeals/posts/2662452977461143/ (Feb. 20, 2026).

meaning of Section 43(c) of the Lanham Act, 15 U.S.C. 1125(c), and became famous prior to the acts of the Defendant alleged herein.

B.  Defendant's Unlawful Activities

22.    Upon information and belief, Defendant is engaged in the business of importing into the United States, marketing within the United States, advertising to consumers in the United States, promoting within the United States, offering for sale to consumers in the United States, and/or selling to consumers within the United States a card game bearing the infringing mark TRASH MONSTERS.

23.    Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in its GARBAGE MONSTERS Mark, Defendant adopted and began using a mark confusingly similar to Plaintiff's GARBAGE MONSTERS Mark, namely TRASH MONSTERS (hereinafter, the "Infringing Mark") in United States commerce.

24.    The Infringing Mark adopted and used by Defendant is confusingly similar to Plaintiff's GARBAGE MONSTERS Mark. Most Notably, the Infringing Mark begins with the term "trash," which is nearly identical in connotation or meaning to the term "garbage" featured at the beginning of Plaintiff's GARBAGE MONSTERS Mark. The words "trash" and "garbage" are synonyms and are used interchangeably in the English language.[6] In addition, Plaintiff's

---

[6] *See, e.g.,* Merriam-Webster Thesaurus, "Trash," available at https://www.merriam-webster.com/thesaurus/trash (last accessed March 18, 2026) (listing "garbage" as the first synonym of the word "trash").

GARBAGE MONSTERS Mark includes the word "monsters" as its terminating and dominant word; similarly, "monsters" is the last, longest and most prominent word in the Infringing Mark. Defendant's emphasis on the term MONSTER in the Infringing Mark is further underscored by the inclusion of <u>more than two dozen</u> monster characters on the product's outer packaging,[7] while <u>no</u> graphic elements represent the term "trash" in Defendant's Infringing Mark:

 

25.     Upon information and belief, Defendant has been engaged in the distribution, advertising, promotion, offering for sale, and sale of goods using the Infringing Mark throughout the United States. Attached hereto as Exhibit 3 are true and correct copies of representative ecommerce websites and Internet advertising showing Defendant's unauthorized uses of the Infringing Mark.

---

[7] Amazon.com, "Trash Monsters Card Game – Easy Number Sequencing Game with Fun Monsters | Ages 3 and up | Kids & Family Nights | Simple to Learn," available at https://a.co/d/0dAFnHsB (last accessed March 18, 2026).

26.     The goods Defendant has imported into the United States, marketed in the United States, advertised to consumers in the United States, promoted within the United States, offered for sale to customers in the United States, and sold under the Infringing Mark to buyers within the United States are identical to Plaintiff's goods sold under the GARBAGE MONSTERS Mark, namely card games.

27.     Upon information and belief, Defendant has marketed, advertised, promoted, offered for sale, and sold its goods under the Infringing Mark through ecommerce platforms such as Amazon.com, on social media sites such as Instagram[8] and Facebook,[9] and its own website bigmonstershop.com.

28.     Upon information and belief, Defendant has marketed, advertised, and promoted its card game under the Infringing Mark through the same channels of trade that Plaintiff uses to market, advertise, and promote its authentic card games under the GARBAGE MONSTERS Mark.

29.     Upon information and belief, Defendant offers and sells its card game under the Infringing Mark to the same customers and potential customers to which Plaintiff promotes and sells its goods under the GARBAGE MONSTERS Mark.

30.     Upon information and belief, the goods Defendant offers under the Infringing Mark are of inferior quality compared to Plaintiff's premium goods sold under the GARBAGE MONSTERS Mark. For example and without limitation, the printing registration of Defendant's

---

[8] *See* Instagram account @bigmonstergames.

[9] *See* Facebook account @bigmonstergames.

goods offered under the Infringing Mark is imprecise and the card edges are inconsistent and unfinished such that Defendant's goods would not satisfy Plaintiff's exacting standards. In contrast, Plaintiff's premium goods offered under the GARBAGE MONSTERS Mark are made from top-quality thick card stock material and carefully die cut and finished to prevent inconsistencies between individual cards.

31.     On September 26, 2025, Plaintiff's counsel sent a cease and desist letter to Defendant objecting to Defendant's use of the Infringing Mark. Attached hereto as Exhibit 4 is a true and correct copy of Plaintiff's counsel's September 26 cease and desist letter to Defendant.

32.     On or about the same time, Plaintiff requested that Amazon.com remove Defendant's product listing due to Defendant's unauthorized use of the Infringing Mark. Amazon.com initially agreed with Plaintiff's assertion of infringement and removed Defendant's listing. Recently, Amazon.com reversed its decision for unknown reasons and reinstated Defendant's listing on its platform.

33.     Defendant's counsel replied to Plaintiff's cease and desist letter on October 6, 2025, denying infringement. To date, Plaintiff, after reasonable inquiry, has no evidence that Defendant has complied with any of the demands set out in Plaintiff's counsel's September 26 cease and desist letter.

34.     Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's goods and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's goods originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

35.    Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's GARBAGE MONSTERS Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's goods to the Defendant.

36.    Defendant's acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT ONE (Federal Trademark Infringement)

37.    Plaintiff repeats and realleges paragraphs 1 through 37 hereof, as if fully set forth herein.

38.    Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

39.    Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the GARBAGE MONSTERS Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

40.    Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

–11–

41.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### COUNT TWO (Federal Unfair Competition)

42.     Plaintiff repeats and realleges paragraphs 1 through 41 hereof, as if fully set forth herein.

43.     Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

44.     Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

45.     Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

46.     Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47.    Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

48.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT THREE (Federal Trademark Dilution)**

49.    Plaintiff repeats and realleges paragraphs 1 through 48 hereof, as if fully set forth herein.

50.    Plaintiff's GARBAGE MONSTERS Mark is distinctive and a "famous mark" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

51.    Plaintiff's GARBAGE MONSTERS Mark became distinctive and famous prior to the Defendant's acts as alleged herein.

52.    Defendant's acts as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of Plaintiff's famous GARBAGE MONSTERS Mark.

53.    Defendant's acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, Plaintiff's GARBAGE MONSTERS Mark by undermining and damaging the valuable goodwill associated therewith.

–13–

54. Defendant's acts as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to damage Plaintiff, which has no adequate remedy at law.

55. Plaintiff is entitled to, among other relief, an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

### COUNT FOUR (Trademark Infringement Under Michigan Common Law)

56. Plaintiff repeats and realleges paragraphs 1 through 55 hereof, as if fully set forth herein.

57. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to confuse consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct therefore constitutes trademark infringement in violation of Section 429.44 of the Michigan Compiled Laws.

58. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior common law and federally registered rights in the GARBAGE MONSTERS Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

59. Defendant is a direct competitor of Plaintiff because each party sells similar goods, namely card games as relevant here, through the same channels of trade to the same

customers and potential customers throughout the United States, including to customers and potential customers in the State of Michigan.

60.     Plaintiff has not abandoned the GARBAGE MONSTERS Mark, as that term is defined in Section 429.31(i) of the Michigan Compiled Laws, since its initial use in commerce by Plaintiff at least as early as June 30, 2022.

61.     Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

62.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages and Defendant's profits under Section 429.43 of the Michigan Compiled Laws, together with prejudgment and post-judgment interest.

### COUNT FIVE (Unfair Competition and Deceptive Trade Practices Under Michigan Common Law)

63.     Plaintiff repeats and realleges paragraphs 1 through 62 hereof, as if fully set forth herein.

64.     Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to confuse consumers as to the source, sponsorship, or approval of Defendant's goods, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct therefore constitutes unfair competition and deceptive business practices in violation of Section 445.903 of the Michigan Compiled Laws.

65.     Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior common law and federally registered rights in the GARBAGE MONSTERS Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

66.     Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court pursuant to Section 445.911(1) of the Michigan Compiled Laws.

67.     Plaintiff is entitled to, among other relief, an award equal to the greater of Plaintiff's actual damages or $250; and Plaintiff's reasonable attorneys' fees under Section 445.911(2) of the Michigan Compiled Laws, together with prejudgment and post-judgment interest.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1.     That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

2.     That Defendant has violated Section 429.44 and Section 445.903 of the Michigan Compiled Laws.

3.     Granting an injunction preliminarily and permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns,

–16–

and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

     a.    importing, selling, marketing, advertising, promoting, or authorizing any third party to import, sell, market, advertise, or promote any goods or services bearing the mark TRASH MONSTER or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's GARBAGE MONSTERS Mark;

     b.    engaging in any activity that infringes Plaintiff's rights in its GARBAGE MONSTERS Mark;

     c.    engaging in any activity constituting unfair competition with Plaintiff;

     d.    engaging in any activity that is likely to dilute the distinctiveness of Plaintiff's GARBAGE MONSTERS Mark;

     e.    making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendant;

     f.    using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

g.      registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark TRASH MONSTER or any other mark that infringes or is likely to be confused with Plaintiff's GARBAGE MONSTERS Mark, or any goods or services of Plaintiff, or Plaintiff as their source;

h.      canceling Plaintiff's trademark registration no. 8,138,998 for the mark TRASH MONSTER, which granted based on application serial number 98/767,854 filed on September 24, 2024, alleging a first date of use in commerce of July 2, 2025; and

h.      aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

4.      Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's goods.

5.      Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the mark TRASH MONSTER or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's GARBAGE MONSTERS Mark, and to direct all distributors, retailers,

–18–

wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the mark TRASH MONSTER or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's GARBAGE MONSTERS Mark, and to immediately remove them from public access and view.

7.     Directing Defendant to formally abandon with prejudice any and all of its applications to register the mark TRASH MONSTER or any mark consisting of, incorporating, or containing Plaintiff's GARBAGE MONSTERS Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

8.     Directing Defendant to cancel with prejudice any and all of its registrations for the mark TRASH MONSTER or any mark consisting of, incorporating, or containing Plaintiff's GARBAGE MONSTERS Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

10.     Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

11.     Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

12.     Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

13.     Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

14.     Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

15.     Awarding Plaintiff actual damages and Defendant's profits under Section 429.43 of the Michigan Compiled Laws.

16.     Awarding Plaintiff the greater of Plaintiff's actual damages or $250; and Plaintiff's reasonable attorneys' fees under Section 445.911(2) of the Michigan Compiled Laws.

17.     Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

18.     Awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

Dated: <u>April 27, 2026</u>

Respectfully submitted,

**INCUBATE IP**

By: */s/ Randy R. Micheletti*
RANDY R. MICHELETTI
Illinois Bar No. 6299511
Telephone: (312) 600-5412
Email: randy@incubateip.com
P.O. Box 3327
Glen Ellyn, IL 60138-3327

SHELBY LARUE WILSON
Illinois Bar No. 6351228
Telephone: (312) 600-5412
Email: shelby@incubateip.com
P.O. Box 3327
Glen Ellyn, IL 60138-3327

**ATWATER LAW AND INTELLECTUAL PROPERTY, PLLC**

MARTHA W. ATWATER
Michigan Bar No. P43290
Telephone: 616-970-3844
Email: marti@atwaterattorneys.com
1750 Mont Rue Dr. SE
Grand Rapids, MI 49546-6442

DAVID STUART ATWATER
Michigan Bar No. P76661
Telephone: 616-710-6708
Email: stu@atwaterattorneys.com
1750 Mont Rue Dr. SE
Grand Rapids, MI 49546-6442

–21–

*Attorneys for Plaintiff Regal Games LLC*